# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENDA MENDEZ,<br>    Defendant. | Criminal Action No. 13-252 |

## OPINION

**CONTI, Chief District Judge**

Pending before the court is a motion for minor role reduction (ECF No. 1437) filed by defendant Brenda Mendez ("defendant"). Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams but less than kilograms of cocaine. (ECF No. 1390 at 1.) Defendant was sentenced to a term of imprisonment of twenty-four months and a term of supervised release of four years. (Id. at 2-3.)

Defendant in her motion for minor role reduction argues that Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2, retroactively applies to her case under United States v. Quintero-Leyva, 823 F.3d 519, 521 (9th Cir. 2016), and she is entitled to a reduced sentence under that amendment. (ECF No. 1437 at 1.) As the government points out, however, the United States Sentencing Commission issued Amendment 794 on November 1, 2015, Quintero-Levya, 823 F.3d at 520, and defendant was sentenced by this court on August 3, 2017. (ECF No. 1390.) Under those circumstances, Amendment 794 was in effect at the

time defendant was sentenced, and, therefore, whether Amendment 794 applies *retroactively* to defendants who were sentenced prior to November 1, 2015, is not relevant to this case.[1]

The court is otherwise without jurisdiction to alter defendant's sentence. Defendant did not raise this issue with the court at the time of sentencing, file a motion pursuant to Federal Rule of Criminal Procedure 35(a),[2] or within fourteen days of the entry of the judgment against her appeal the issue to the Court of Appeals for the Third Circuit.[3] The time period for filing a motion pursuant to Rule 35(a) to correct clear error, i.e., fourteen days

---

[1] In any event, courts within the Third Circuit declined to retroactively apply Amendment 794 to defendants who collaterally attack their sentences. The court in United States v. Fausnaught, No. 3:03-CR-32, 2018 WL 1917131, at *4 (M.D. Pa. Apr. 20, 2018), explained:
> Petitioner cites United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016), a Ninth Circuit case that applied Amendment 794 retroactively. However, not only is Quintero-Leyva from a court outside of this Circuit, it also did not address Amendment 794 in the context of collateral review, but rather, on direct appeal. See id. at 521. n.1 ("This appeal did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings. We, therefore, decline to reach this issue."). Thus, Petitioner's reliance upon Quintero-Leyva is unavailing in the face of overwhelming authority from this Circuit. See United States v. Edmonds, 2016 WL 5253333, at *5 (W.D. Pa. Sept. 22, 2016) ("Notably, no court within the Third Judicial Circuit has relied upon the Quintero-Leyva case ... This Court finds that an amendment to a comment to a sentencing guideline such as the one at issue here, cannot be applied retroactively in a Section 2255 collateral attack."); Cobb, 248 F. Supp. 3d at 640 n. 3 ("At least three circuit courts—the Sixth, Ninth, and Eleventh—have held that Amendment 794 applies retroactively to defendants whose sentences are still on direct appeal. But, as many district courts have recognized, those holdings are limited to such defendants; Amendment 794 is not retroactive as to individuals seeking collateral relief.") (collecting cases).

Id.

[2] Federal Rule of Criminal Procedure 35(a) provides: "(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

[3] Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after ... the entry of either the judgment or the order being appealed."

2

after sentencing, has passed; likewise, the time period for filing an appeal to the Court of Appeals for the Third Circuit has passed. The court commends defendant for the programming and work she has undertaken while in custody.

Defendant's motion for minor role reduction will, therefore, be denied. An appropriate order will be entered.

By the court,

Dated: August 22, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge